IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PASHION A. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-36 (MTT) |
| | ) |
| EAN SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Pashion Williams has moved for leave to file her first amended complaint.  Doc. 24.  Defendant EAN Services, LLC has also moved to quash Williams' subpoena.  Doc. 26.  For the following reasons, the motion to amend (Doc. 24) is **GRANTED in part** and **DENIED in part**, and the motion to quash (Doc. 26) is **GRANTED**.

**I. BACKGROUND**

**A. Motion to Amend the Complaint**

Williams filed her original complaint on January 28, 2020, alleging that the Defendants violated the Americans with Disabilities Act by terminating her employment due to her disability.  Doc. 1.  She served it on the original Defendants on February 24.  Doc. 17.  On March 27, EAN answered, and the remaining Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Docs. 8; 9.  On April 3, the Court mailed Williams, who is proceeding *pro se*, a notice of the motion to dismiss along with a copy of the motion and EAN's answer.  Doc. 16.  On April 30, Williams

timely responded to the motion, stating that she agreed to the dismissal of the individual Defendants.  Doc. 19.  That same day, she filed her amended complaint.  Doc. 18.  On May 11, the Court granted the individual Defendants' motion to dismiss and terminated them as parties to this suit, leaving EAN as the only remaining Defendant.  Doc. 21.  On May 15, the Court *sua sponte* dismissed Williams' first amended complaint under Rule 15 and instructed Williams to file a motion to amend in compliance with the Scheduling Order[1] (Doc. 22) if she wished to amend her complaint.  Doc. 23.

On May 21, Williams moved to amend and attached her proposed amended complaint.  Docs. 24; 24-1.  In her amended complaint, she alleges additional facts and lists as Defendants EAN and some of the individuals who were terminated in the Court's May 11 order.  Docs. 21; 24-1.  EAN opposes the motion because the individual Defendants listed, as stated in its previous motion to dismiss, do not meet the definition of a "covered entity" under the ADA.  Doc. 27.  Williams did not reply.

**B.  Motion to Quash Williams' Subpoena**

On May 26, Williams filed a notice of "filing Affidavit of Service of Subpoena."  Doc. 25.  On May 22, the subpoena was served at EAN's corporate office in St. Louis, Missouri.  *Id.*  The subpoena demanded production of the following no later than June 30:

> All of Pashion Williams workforce management and employment file including phone recording, records, texts, instant messages, emails, memos and time sheets for August 25, 2017, June 20, 2018 and September 6 – 8, 2018.  All correspondence related to Pashion Williams termination, including letters, memos and emails.

---

[1] The Scheduling Order states that "[a]ll Motions seeking to amend the pleadings or to join parties or claims to the current action shall be filed no later than July 11, 2020."  Doc. 22.

*Id.* On June 5, EAN moved to quash the subpoena. Doc. 26. Williams has not responded.

## II. DISCUSSION

### A. Motion to Amend the Complaint

Rule 15(a)(2) states that leave to amend should be "freely give[n] . . . when justice so requires." The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, the Court must find a justifiable reason to deny a request for leave to amend. *Forman*, 371 U.S. at 182. "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001).

On May 12, 2020, the Court issued a Scheduling Order, stating that the deadline to amend pleadings was sixty days from the date the Scheduling Order was entered. Doc. 22. On May 21, Williams filed her motion to amend to add factual allegations and "to make minor corrections and other changes … to allow for better clarity." Doc. 24. Because Williams' motion was filed before the deadline in the Scheduling Order, there is no need for this Court to analyze her arguments under the Rule 16(b) "good cause" standard. *Pinero v. 4800 W. Flagler L.L.C.*, 430 F. App'x 866, 869 (11th Cir. 2011) (holding that good cause must be shown under Rule 16 before conducting a Rule 15 analysis if the motion to amend is filed after the scheduling order deadline). The Court

will only consider whether leave should be granted under Rule 15(a).

"[A] district court has discretion to deny leave to amend when the moving party's delay was the result of bad faith, dilatory tactics, or sheer inadvertence, or when the moving party offers no adequate explanation for a lengthy delay." *In re Engle Cases*, 767 F.3d 1082, 1119 (11th Cir. 2014) (citations omitted).  Further, "[a] district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) (citations omitted).

Williams neither inexplicably waited a long time to seek amendment, nor does EAN allege so.  Williams states that she merely wishes to clarify her existing allegations and add factual allegations that she recently discovered.  Doc. 24.  Furthermore, allowing leave to amend the complaint will not further delay the proceedings in a substantial way at this stage of the litigation because the deadlines for discovery and filings of dispositive motions have yet to pass.  Doc. 22.  Therefore, there was no undue delay by Williams.

Rather, EAN objects to the motion because Williams' proposed amended complaint attached to her motion would be futile.  Doc. 27.  Specifically, EAN objects because the proposed amended complaint lists three of the four original individual Defendants who were previously terminated as parties.  Doc. 27 (citing Doc. 21 (granting EAN's motion to dismiss the individual Defendants)).  As stated in the Court's May 11 order, Williams agreed to the dismissal of those Defendants because "individual defendants cannot be held liable under the ADA."  Doc. 21 (citing Doc. 19; *Albra v.*

*Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007)).  Insomuch as Williams wishes to amend her complaint to add individual defendants as parties, the motion (Doc. 24) is **DENIED**.  However, Williams' motion to amend to add and to clarify factual allegations (Doc. 24) is **GRANTED**.  Williams **SHALL** file her amended complaint no later than **July 31, 2020**.  EAN **SHALL** file a responsive pleading within twenty-one days.  *See* FED. R. CIV. P. 15(a)(3).

### B.  Motion to Quash Williams' Subpoena

On May 22, Williams served EAN a Rule 45 subpoena for documents related to her employment and termination.  Doc. 25.  EAN moves to quash the subpoena based, in part, on the reasoning that "the preferred procedural avenue of requesting these documents" is through Rule 34.[2]

Rule 26 allows a party to obtain discovery regarding any non-privileged matter "that is relevant to any party's claim or defense."  The information Williams requests appears to be discoverable.  However, a Rule 45 subpoena is generally used only against nonparties.  FED. R. CIV. P. 34(c).  The requested documents, however, are discoverable under Rule 34, which allows parties to serve requests for production of documents on other parties.  Accordingly, EAN's motion to quash Williams' subpoena

---

[2] EAN also argues that the subpoena should be quashed because "it is premature and parties have not exchanged Rule 26(a) disclosures yet, and … the subpoena was improperly issued as Plaintiff seeks to subpoena documents from a Missouri location through use of a Georgia subpoena" and, therefore, "must obtain a subpoena from the United States District Court for the Eastern District of Missouri."  Doc. 26 at 2.  While it may have been premature for Williams to request those documents at that time because the Scheduling Order (Doc. 22) set the deadline for initial disclosures as June 11, Williams certainly can subpoena documents in a district other than the one where the subpoena was issued.  FED. R. CIV. P. 45(a)(2) ("A subpoena must issue from the court where the action is pending.").  However, EAN, as argued in its brief, would not be required to produce the requested documents located at its Missouri office at Williams' home in Georgia under Rule 45 *if* it was not a party to this suit.  Doc. 26 at 2; FED. R. CIV. P. 45(c)(2) ("A subpoena may command … production of documents … at a place within 100 miles of where the [nonparty] resides, is employed, or regularly transacts business in person[.]"); *see* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents. . . .").

(Doc. 26) is **GRANTED**.  However, the subpoena (Doc. 25) is deemed a Rule 34 request for production of documents, and EAN **SHALL** file an appropriate response to the request within **30 days** of the entry of this order.

### III.  CONCLUSION

For the foregoing reasons, Williams' motion to amend (Doc. 24) is **GRANTED in part** and **DENIED in part**.  Williams **SHALL** file her amended complaint in accordance with this order no later than **July 31, 2020**.  Additionally, EAN's motion to quash (Doc. 26) is **GRANTED** but is deemed a request for production of documents, and EAN **SHALL** file an appropriate response within **30 days**.

**SO ORDERED**, this 14th day of July, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT