**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **PASHION WILLIAMS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:20-CV-36 (MTT)** |
| | ) | |
| **EAN SERVICES, LLC.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Pro se plaintiff Pashion Williams has moved for summary judgment on her disability discrimination claim against Defendant EAN Services, LLC.  Because Williams has not cited to any materials in the record, not shown that there are no genuine disputes as to any material fact, and not shown that she is entitled to judgment as a matter of law, Williams's motion for summary judgment (Doc. 39) is **DENIED**.

### I. BACKGROUND

Williams has not cited to the record to support any of her facts.  Further, many of her so-called facts are either legal conclusions or repeated allegations from her amended complaint.  Doc. 39-1.  Nonetheless, the Court will explain what facts seem undisputed and what the issues before the Court appear to be.

Williams began working for EAN as a reservation sales agent in December 2016.  Docs. 39-1 ¶ 2; 41-1 ¶ 2.  She was fired in late September 2019.  *Id.*  The reason given by EAN for Williams's termination was "unexcused absences."  Doc. 39-1 ¶ 17(a); 41-1 ¶ 17(a).  Williams claims that her last two unexcused absences occurred "due to

problems associated with [her] hypertension in which she was medically examined [and] instructed to remain off from work for two days[.]"[1]  Doc. 39-1 ¶ 17(a).  EAN disputes that Williams missed work due to hypertension.  Doc. 41-1 ¶ 17(a).  Williams also disputes the status of a previous absence and claims that absence should have been excused due to the death of her sister-in-law.  Doc. 39-1 ¶¶ 8-9.  EAN argues the authority Williams cites for this proposition does not apply to private employers, and more importantly, the death of a family member has no relation to a disability discrimination claim.  Doc. 41 at 6.

On October 25, 2018, Williams filed a charge of disability discrimination with the EEOC, and she was issued a notice of right to sue on October 31, 2019.  Docs. 39-1 ¶ 21; 1-1 ¶ 21.  Williams then filed suit with the Court, alleging disability discrimination under Title I of the Americans with Disabilities Act ("ADA").

## II. STANDARD

A movant is entitled to summary judgment upon showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When the movant bears the burden of proof at trial, it must show there is no genuine dispute that it has met the elements of its claim or defense.  See *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991).  The non-movant may defeat a properly supported motion by producing "significant, probative evidence demonstrating the existence of a triable issue of fact."  *Id.* (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th

---

[1] Although Williams asserts she missed work due to hypertension in her statement of material facts, she does not cite any evidence in the record to support this claim.  Doc. 39 ¶ 17(a).  Further, Williams does not mention hypertension in her brief.

Cir. 1991)).  In other words, that there is indeed a genuine dispute regarding a material fact.  *See id.*

"A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'"  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quotation marks omitted).  Therefore, when deciding if summary judgment is appropriate, the court must not "weigh the evidence and determine the truth of the matter" on its own but should determine only whether a reasonable jury could find in favor of the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249. 255 (1986) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").  In doing so, the court should draw all justifiable inferences, and resolve any reasonable doubts concerning the facts, in favor of the non-movant.  *Id.* at 255.; *Info. Sys. & Networks Corp.*, 281 F.3d at 1224.  If, after reviewing the entirety of the record "in the light most favorable to the [non-movant]," the court determines a reasonable jury could not find in favor of the non-movant, then summary judgment is appropriate.  *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("[T]he District Court [must] consider all evidence in the record when reviewing a motion for summary judgment—pleadings, depositions, interrogatories, affidavits, etc.—and can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists." (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir. 1986)); *Info. Sys. & Networks Corp.*, 281 F.3d at 1224.

### III. DISCUSSION

The ADA forbids covered employers from discriminating against "qualified individual[s] with a disability because of the disability" in any of the "terms, conditions,

[or] privileges of employment."  42 U.S.C. § 12112(a).  Employers are required to provide reasonable accommodations for employees' known disabilities unless such accommodations would result in undue hardship to the employer.  *Morisky v. Broward Cnty.*, 80 F.3d 445, 447 (11th Cir. 1996) (citing 42 U.S.C. § 12112(b)(5)(A)).

The burden is on Williams to establish a prima facie case of disability discrimination against EAN.  *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000).  To establish a prima facie case, Williams must prove that (1) she has a disability; (2) she is a qualified individual under the ADA; and (3) she was subjected to unlawful discrimination due to her disability.  *Id.*  Once Williams establishes a prima facie case, the burden of production shifts to EAN to articulate a legitimate, nondiscriminatory reason for its alleged violation.  *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

As a general matter, neither Williams's brief nor her attached statement of material facts cites any evidence in the record as required by the Federal Rules of Civil Procedure and this District's Local Rules.  Fed. R. Civ. P. 56(c)(1)(A); M.D. Ga. L.R. 56 ("Material Facts not supported by specific citation to particular parts of materials in the record and statements in the form of issues or legal conclusions (rather than material facts) will not be considered by the court.").  Further, her statement of material facts is almost entirely a restatement of the allegations in her amended complaint.  Docs. 39-1; 30.  Muddying the waters even more, Williams confusingly denies some of her own allegations in her reply brief.  Doc. 42 at 3-4.  Because Williams has failed to support her facts with citations to the record, the Court will not consider Williams's alleged facts.  Therefore, Williams has not carried her burden of showing there are no genuine disputes as to any material facts.

Looking past the procedural issues, substantively, Williams does not cite to any law applicable to a disability discrimination claim.  It appears the brief supporting her motion focuses mostly on the classification of an absence she received while employed for EAN.  Doc. 39.  Williams argues the absence in question should have been classified as an excused absence because it occurred due to the unexpected death of her sister-in-law.  *Id.* at 1-2.  Williams cites to a regulation for this proposition, but EAN points out that this regulation only applies to "Civil Service Employment or Government Employment," making this regulation inapplicable to EAN.  Doc. 41 at 5-7; *see* 5 CFR § 630.201(b).  Either way, Williams has not explained how this relates to her disability discrimination claim.  In short, Williams has failed to show that no reasonable jury could find for EAN on any of the essential elements of her claim.[2]  *See Four Parcels of Real Prop.*, 941 F.2d at 1438.

## IV. CONCLUSION

Because Williams has not established that there is no genuine dispute of material fact or that she is entitled to judgment as a matter of law, her motion for summary judgment (Doc. 39) is **DENIED**.

**SO ORDERED**, this 22nd day of December, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] In fact, Williams did not mention, much less prove, a single element of a disability discrimination claim in her brief.